IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COREY COMMODORE,
No. 10375-032,

        Petitioner,

vs.                                                                              CIVIL NO. 13-cv-00444-DRH

WARDEN WALTON,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, Corey Commodore, currently incarcerated in the Federal Correctional Institution at Marion, Illinois, brings this *habeas corpus* action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. He asserts that he should receive credit against his federal sentence for time served in state and federal custody prior to the date he was transferred to Marion. This case is now before the Court for preliminary review pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    In June 2005, petitioner was sentenced in Kentucky to a fifteen-month term of imprisonment (subject to deferment) for violating the terms of his state parole (Doc. 1, p. 2). He was later transferred to federal custody on August 29, 2005—which petitioner presumes was pursuant to a *writ of habeas corpus ad prosequendum* (Doc. 1, p. 2). On October 31, 2005, petitioner pleaded guilty to

federal charges of unlawful possession and transportation of firearms, and transporting a defaced firearm (Doc. 18 in *United States v. Commodore*, No. 05-cr-00103-JMH-1 (E.D. Ky., filed July 7, 2005)). On February 3, 2006, the Federal District Court of the Eastern District of Kentucky sentenced petitioner to fifty-seven months, to be served consecutive to his state sentence (Doc. 1, p. 2; *see also* Doc. 23 in criminal case). Petitioner remained in federal custody and was transferred to federal facilities in Oklahoma and Indiana.

On March 24, 2006, petitioner was transferred to the county jail in Lexington, Kentucky, and was subsequently given an additional thirty-six months on his state sentence for the parole violation (Doc. 1, p. 3). In May 2009, petitioner's state sentence was further extended by twenty-eight months (Doc. 1, p. 3). On May 27, 2010, while still in state prison, petitioner filed a Section 2241 action in the Federal District Court in the Eastern District of Kentucky challenging the calculation of his state sentence (or at least that is how the petition was construed). *Commodore v. Northpoint Training Ctr.*, No. 10-cv-00178-KKC (E.D. Ky., filed May 27, 2010). In her Opinion and Order dismissing that case,[1] Judge Caldwell stated: "it appears that Commodore has served and completed his federal … sentence imposed in the Criminal Proceeding, and is now serving only his prior state sentence" (Doc. 1-2, p. 3).

In June 2011, petitioner was released from Kentucky's custody, his state sentence satisfied (Doc. 1, p. 4). However, he was immediately taken into federal

---

[1] This earlier Section 2241 petition was dismissed upon preliminary review because Petitioner had not exhausted his state administrative remedies as required by Kentucky statute (Doc. 1-2).

custody, where he is currently serving his February 2006 fifty-seven-month sentence.

Petitioner filed a second application for *habeas* relief on September 8, 2011, challenging the computation of his federal sentence. *Commodore v. Roal*, No. 11-cv-818-DRH (S.D. Ill. filed Sept. 8, 2011). On July 31, 2011, that petition was dismissed without prejudice for failure to exhaust administrative remedies.

On May 8, 2013, after exhausting administrative remedies (*see* Doc. 1-1, pp. 1-12), the present Section 2241 action was filed (Doc. 1). Petitioner argues that, in accord with 18 U.S.C. § 3585(a), his federal sentence commenced on March 8, 2006, the day he was received at the Federal Correctional Institution in Terre Haute, Indiana, and it ran continuously through June 29, 2011, despite his return to state custody during the period between March 24, 2006, and June 29, 2011. The essence of petitioner's argument is that once his federal sentence commenced when he was received in a federal facility on March 8, 2006, the running of the federal sentence could not be interrupted by the government so as to require him to serve his federal sentence in installments. Petitioner also makes much of Judge Caldwell's comment that the Bureau of Prisons' website indicated in June 2010, that Petitioner's federal sentence had <u>ended</u> in June 2009 (*see* Doc. 1-2, p. 3).

A crucial event necessary to the analysis of the petition is the nature of petitioner's initial transfer from state custody to federal custody in August 2009 (and subsequent transfers between the state and federal systems may also be of

importance). *See Ponzi v. Fessenden*, 258 U.S. 254 (1922); *Jake v. Herschberger*, 173 F.3d 1059, 1061 n. 1 (7th Cir. 1999). Petitioner is unclear on whether he was transferred pursuant to a *writ of habeas corpus ad prosequnendum*, which could be dispositive of his petition. Consequently, there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, Respondent Walton will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before July 1, 2013).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 9 Executive Drive, Fairview Heights, Illinois 62208, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[2] The response deadline ordered herein is controlling. Any date generated by the CM/ECF system during the course of litigation is a guideline only. S*ee* SDIL-EFR 3.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  See FED. R. CIV. P.

**IT IS SO ORDERED.**

**May 30, 2013**

David R. Herndon
2013.05.30
05:57:22 -05'00'

**Chief Judge**
**United States District Court**